UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ASSA REALTY LLC,                                                        DOCKET NO.:_____

                               *Plaintiff*,                            **COMPLAINT**

                    -against-


THE SOLUTION GROUP CORP,
THE SOLUTION GROUP CORP. LLC,
SOUTH FLORIDA EQUITY GROUP HOLDINGS LLC,
PARAGON GROUP OF SOUTH FLORIDA, LLC,
PARAGON GROUP HOLDINGS LLC,
TSG PARAGON DEVELOPMENT LLC,
TSG PARAGON MANAGEMENT CORP.
PARAGON GEORGETOWN, LLC,
PARAGON GEORGETOWN PHASE II, LLC,
CASSA BRICKELL CONDOMINIUM ASSOCIATION, INC.
CASSA AT BRICKELL, LLC
TSG PARAGON DEVELOPMENT LLC d/b/a CASSA at GEORGETOWN,
CASSA AT GEORGETOWN,
CASSA AT GEORGETOWN 3499 LLC,
CASSA AT GEORGETOWN 3501 LLC,
CASSA AT GEORGETOWN 3507 LLC,
CASSA AT GEORGETOWN 3511 LLC,
CASSA BRICKELL 402, LLC,
CASSA BRICKELL 501, LLC,
CASSA BRICKELL 505, LLC,
CASSA BRICKELL PH5, LLC,
CAMILO A. LOPEZ,
JORGE ESCOBAR,
RAUL SANCHEZ DE VARONA,  and
JOHN AND JANE DOES 1 THROUGH 20,

                               *Defendants*.
-----------------------------------------------------------------X

          Plaintiff, ASSA REALTY LLC, by and through its attorney, Richard J.

Migliaccio, Esq., by way of complaint against all Defendants, respectfully alleges:

**THE PARTIES**

1

1.     Plaintiff, Assa Realty, LLC, ("Plaintiff"), is a limited liability company that exists pursuant to the laws of the State of New York with its principal place of business at 410 Park Avenue, Ste. 1630, New York, New York 10022.

2.     Defendant, THE SOLUTION GROUP CORP, is a corporation that exists pursuant to the laws of the State of Florida with its principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.

3.     Defendant, THE SOLUTION GROUP CORP. LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.

4.     Defendant, SOUTH FLORIDA EQUITY GROUP HOLDINGS LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 1825 Ponce De Leon Blvd, Suite 151, Coral Gables, FL 33134.

5.     Defendant, PARAGON GROUP OF SOUTH FLORIDA, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 999 Ponce de Leon Blvd., Suite 600, Coral Gables, FL 33134.

6.     Defendant, PARAGON GROUP HOLDINGS LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 999 Ponce de Leon Blvd., Suite 600, Coral Gables, FL 33134.

7.     Defendant, TSG PARAGON DEVELOPMENT LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.

8.      Defendant, TSG PARAGON MANAGEMENT CORP., is a corporation that exists pursuant to the laws of the State of Florida with its principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.

9.      Defendant, PARAGON GEORGETOWN, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 999 Ponce de Leon Blvd., Suite 600, Coral Gables, FL 33134.

10.      Defendant, PARAGON GEORGETOWN PHASE II, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 999 Ponce de Leon Blvd., Suite 600, Coral Gables, FL 33134.

11.      Defendant, CASSA BRICKELL CONDOMINIUM ASSOCIATION, INC., is a corporation that exists pursuant to the laws of the State of Florida with its principal place of business at 999 Ponce de Leon Blvd., Suite 600, Coral Gables, FL 33134.

12.      Defendant, CASSA AT BRICKELL, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.

13.      Defendant, TSG PARAGON DEVELOPMENT LLC d/b/a CASSA AT GEORGETOWN, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.

14.      Defendant, CASSA AT GEORGETOWN, is a business entity with its principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.

15.     Defendant, CASSA AT GEORGETOWN 3499 LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 15824 NW 16th Street, Pembroke Pines, FL 33028.

16.     Defendant, CASSA AT GEORGETOWN 3501 LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 15824 NW 16th Street, Pembroke Pines, FL 33028.

17.     Defendant, CASSA AT GEORGETOWN 3507 LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 15824 NW 16th Street, Pembroke Pines, FL 33028.

18.     Defendant, CASSA AT GEORGETOWN 3511 LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 15824 NW 16th Street, Pembroke Pines, FL 33028.

19.     Defendant, CASSA BRICKELL 402, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 2300 West 84th Street, Ste. 302, Hialeah, FL 33016.

20.     Defendant, CASSA BRICKELL 501, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 175 SW 7th Street, 2011, Miami, FL 33130.

21.     Defendant, CASSA BRICKELL 505, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 304 Indian Trace, #297, Weston, FL 33326.

22.     Defendant, CASSABRICKELL PH5, LLC, is a limited liability company that exists pursuant to the laws of the State of Florida with its principal place of business at 2799 NW Boca Raton Blvd., Ste. 203, Boca Raton, FL 33431.

23.     Defendant, CAMILO A. LOPEZ, is an individual who maintains his principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.  Upon information and belief, Camilo A. Lopez is a member of The Solution Group Corp, The Solution Group Corp. LLC, South Florida Equity Group Holdings LLC, Paragon Group of South Florida, LLC, Paragon Group Holding LLC, TSG Paragon Development LLC, TSG Paragon Management Corp, Paragon Georgetown, LLC, Paragon Georgetown Phase II, LLC, Cassa Brickell Condominium Association, Inc., Cassa at Brickell, LLC, TSG Paragon Development LLC d/b/a Cassa at Georgetown and Cassa at Georgetown, and was directly involved in the misappropriation of Plaintiff's intellectual property as more fully alleged herein.

24.     Defendant, JORGE ESCOBAR, is an individual who maintains his principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL 33127.   Upon information and belief, Jorge Escobar is a member of The Solution Group Corp, The Solution Group Corp. LLC, South Florida Equity Group Holdings LLC, Paragon Group of South Florida, LLC, Paragon Group Holding LLC, TSG Paragon Development LLC, TSG Paragon Management Corp, Paragon Georgetown, LLC, Paragon Georgetown Phase II, LLC, Cassa Brickell Condominium Association, Inc., Cassa at Brickell, LLC, TSG Paragon Development LLC d/b/a Cassa at Georgetown and Cassa at Georgetown, and was directly involved in the misappropriation of Plaintiff's intellectual property as more fully alleged herein.

25.     Defendant, RAUL SANCHEZ DE VARONA, is an individual who maintains his principal place of business at 4100 N. Miami Avenue, 2nd Floor, Miami, FL

33127.  Upon information and belief, Raul Sanchez de Varona is a member and director of The Solution Group Corp, The Solution Group Corp. LLC, South Florida Equity Group Holdings LLC, Paragon Group of South Florida, LLC, Paragon Group Holding LLC, TSG Paragon Development LLC, TSG Paragon Management Corp, Paragon Georgetown, LLC, Paragon Georgetown Phase II, LLC, Cassa Brickell Condominium Association, Inc., Cassa at Brickell, LLC, TSG Paragon Development LLC d/b/a Cassa at Georgetown and Cassa at Georgetown, and was directly involved in the misappropriation of Plaintiff's intellectual property as more fully alleged herein.

26.     Upon information and belief, Defendants, JOHN AND JANE DOES 1 THROUGH 20, are individuals whose names and addresses of residences are unknown.  Upon information and belief, John and Jane Does 1 through 20, are members or directors of The Solution Group Corp, The Solution Group Corp. LLC, South Florida Equity Group Holdings LLC, Paragon Group of South Florida, LLC, Paragon Group Holding LLC, TSG Paragon Development LLC, TSG Paragon Management Corp, Paragon Georgetown, LLC, Paragon Georgetown Phase II, LLC, Cassa Brickell Condominium Association, Inc., Cassa at Brickell, LLC, TSG Paragon Development LLC d/b/a Cassa at Georgetown, Cassa at Georgetown, Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC, Cassa at Georgetown 3511 LLC, Cassa Brickell 402, LLC, Cassa Brickell 501, LLC, Cassa Brickell 505, LLC and Cassa Brickell PH5, LLC, and were directly involved in the misappropriation of Plaintiff's intellectual property as more fully alleged herein.

## JURISDICTION AND VENUE

27.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 in that this case arises under the Lanham (Trademark) Act, 15 U.S.C. § 1051, *et seq.* Jurisdiction over the related state-law claims exists under 28 U.S.C. § 1367.

28.     This Court has personal jurisdiction over Defendants because they conduct business in this judicial district, including committing acts of trademark infringement as alleged herein.

29.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omission giving rise to the claims occurred in this judicial district.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

A.     <u>PRIOR USE ESTABLISHED BY PLAINTIFF</u>

30.     In 2007, Plaintiff created and designed the mark CASSA as a fanciful combination of the Spanish and Italian word "casa" meaning "house" and the name of Plaintiff's two members, Isaac Assa and Salim Assa, to brand their various hotel and residential projects for their entities Assa Properties, LLC, Waterscape Resort, LLC and other future projects, which today includes the hotel and residences located at 515 Ninth Avenue, New York, New York, known as Cassa Times Square Hotel & Residence.

31.     Since at least March, 15, 2009, the CASSA mark has been in continuous use by Plaintiff and its licensees.

32.    All of Plaintiff's hotel and condominium projects prominently bear and use the CASSA mark.

33.    Plaintiff is the owner of a federal trademark registration for the CASSA mark for the development of residential, commercial and hotel properties, U.S. Registration No. 5,082,510.  A copy of the U.S. Registration No. 5,082,510 is attached as Exhibit A.

34.    Plaintiff's commenced using the CASSA mark in commerce at least as early as March 15, 2009, and has continuously used the mark since that time in connection with its real estate development business, i.e. the development of residential, commercial and hotel properties.  Plaintiff's hotel and condominium projects have been bearing the CASSA mark.

35.    As a result of Plaintiff's use of the "CASSA" mark in commerce, Plaintiff has common law rights in the "CASSA" mark.

36.    Through Plaintiff's extensive advertising, marketing and promotion of its projects bearing the "CASSA" mark, the mark and its associated derivatives have become distinctive of Plaintiff's real estate, residential, commercial, hotel and condominium projects and developments and are a valuable business asset of Plaintiff that represents significant goodwill.

### B.    DEFENDANTS USE OF THE CASSA MARK

37.    Upon information and belief, Defendants', The Solution Group Corp and The Solution Group Corp LLC, (hereinafter the "Solution Group') sometime in 2012, formed a joint venture with Paragon Group of South Florida, LLC and Paragon Group Holdings LLC (hereinafter the "Paragon Group") for the purpose of real estate development.

38.     As a result of the joint venture, Solution Group and Paragon Group formed TSG Paragon Development LLC and TSG Paragon Development LLC d/b/a CASSA at Georgetown ("TSG Paragon Development").

39.     Upon information and belief, in or about the fall of 2012, Solution Group and Paragon Group, through TSG Paragon Development, commenced several real estate and condominium development projects including, but are not limited to, Cassa Brickell, a condominium project located at 201 SW 17 Rd, Miami, FL 33129, and Cassa at Georgetown, a planned community of condominiums located in the city of Lauderhill, Florida.

40.     Commencing no earlier than March, 2013, Defendants, Solution Group, Paragon Group and TSG Paragon Development, started using the CASSA mark in advertisement and marketing, including but not limited to: websites such as www.cassa.co, www.cassabrickell.com, and www.thesolutiongroup.net; brochures, PowerPoint presentations, fliers, newsletters, and fact sheets; social media such as Facebook and Instagram; advertisements in magazines, newspapers, online journals and other media; trade shows; e-mail blasts; and online videos.

41.     The design of the "CASSA" mark use by Defendants', Solution Group, Paragon Group and TSG Paragon Development LLC, in their advertisement, websites and marketing to promote their condominium projects is the same design as Plaintiff's "CASSA" mark.

42.     Defendants, Cassa at Georgetown, LLC, Paragon Georgetown, LLC, and Paragon Georgetown Phase II, LLC, upon information and belief, are affiliated companies either formed by or working with Defendants', Solution Group, Paragon Group and TSG Paragon Development, to develop the condominium project Cassa at Georgetown.

43.     Commencing no earlier than March, 2013, Defendants', Solution Group, Paragon Group and TSG Paragon Development LLC, in conjunction with or through the formation of Defendants, Cassa at Georgetown, LLC, Paragon Georgetown, LLC, and Paragon Georgetown Phase II, LLC, have been using the CASSA mark to advertise, market, lease, rent, sell and operate their condominium project Cassa at Georgetown.

44.     Commencing no earlier than March, 2013, Defendants, Cassa at Georgetown LLC, Paragon Georgetown, LLC, and Paragon Georgetown Phase II, LLC, started using the CASSA mark in advertisement and marketing, including but not limited to: websites such as www.cassa.co, www.cassabrickell.com, and www.thesolutiongroup.net; brochures, PowerPoint presentations, fliers, newsletters, and fact sheets; social media such as Facebook and Instagram; advertisements in magazines, newspapers, online journals and other media; trade shows; e-mail blasts; and online videos.

45.     The design of the "CASSA" mark use by Defendants, Cassa at Georgetown LLC, Paragon Georgetown, LLC, and Paragon Georgetown Phase II, LLC, in their advertisement, websites and marketing to promote Cassa at Georgetown is the same design as Plaintiff's "CASSA" mark.

46.     Defendants, Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC and Cassa at Georgetown 3511 LLC, upon information and belief, either individually, jointly and severally or in conjunction with Defendants Solution Group, Paragon Group and TSG Paragon Development LLC, lease, rent, manage or operate specific condominium units using the CASSA mark.

47.     Commencing no earlier than March, 2013, Defendants, Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC and

Cassa at Georgetown 3511 LLC, either individually or joint and severally, have been using the CASSA mark to advertise, market, lease, rent, and operate their condominium units at Cassa at Georgetown.

48.     Commencing no earlier than March, 2013, Defendants, Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC and Cassa at Georgetown 3511 LLC, started using the CASSA mark in advertisement and marketing, including but not limited to: websites, brochures, PowerPoint presentations, fliers, newsletters, social media, magazines, newspapers, online journals, trade shows, e-mail blasts, online videos, real estate brokers' and agents' listings, various rental websites, websites that advertise rentals, and other media outlets.

49.     The design of the "CASSA" mark use by Defendants, Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC and Cassa at Georgetown 3511 LLC, in their advertisement, websites and marketing to promote their rentals at Cassa at Georgetown is the same design as Plaintiff's "CASSA" mark.

50.     Defendant, Cassa at Brickell, LLC, upon information and belief, is an affiliated company either formed by or working with Defendants', Solution Group, Paragon Group and TSG Paragon Development, to develop the Cassa Brickell condominium project.

51.     Commencing no earlier than March, 2013, Defendants', Solution Group, Paragon Group and TSG Paragon Development LLC, in conjunction with or through the formation of Cassa at Brickell, LLC, have been using the CASSA mark to advertise, market, lease, rent, sell and operate their condominium project, Cassa Brickell.

52.     Commencing no earlier than March, 2013, Defendant, Cassa at Brickell, LLC, started using the CASSA mark in advertisement and marketing, including but not limited

to: websites such as www.cassa.co, www.cassabrickell.com, and www.thesolutiongroup.net; brochures, PowerPoint presentations, fliers, newsletters, and fact sheets; social media such as Facebook and Instagram; advertisements in magazines, newspapers, online journals and other media; trade shows; e-mail blasts; and online videos.

53.     The design of the "CASSA" mark use by Defendant, Cassa at Brickell, LLC, in its advertisement, websites and marketing to promote Cassa Brickell is the same design as Plaintiff's "CASSA" mark.

54.     Defendant, Cassa Brickell Condominium Association, Inc., upon information and belief, is an affiliated company either formed by or working with Defendants', Solution Group, Paragon Group and TSG Paragon Development, to operate and manage the Cassa Brickell condominium project.

55.     Commencing no earlier than March, 2013, Defendants', Solution Group, Paragon Group and TSG Paragon Development LLC, in conjunction with or through the formation of Cassa Brickell Condominium Association, Inc., have been using the CASSA mark to advertise, market, lease, rent, sell and operate their condominium project, Cassa Brickell.

56.     Commencing no earlier than March, 2013, Defendant, Cassa Brickell Condominium Association, Inc., started using the CASSA mark in advertisement and marketing, including but not limited to: websites such as www.cassa.co, www.cassabrickell.com, and www.thesolutiongroup.net; brochures, PowerPoint presentations, fliers, newsletters, and fact sheets; social media such as Facebook and Instagram; advertisements in magazines, newspapers, online journals and other media; trade shows; e-mail blasts; and online videos.

12

57.     The design of the "CASSA" mark use by Defendant, Cassa Brickell Condominium Association, Inc., in its advertisement, websites and marketing to promote, operate and manage Cassa Brickell is the same design as Plaintiff's "CASSA" mark.

58.     Defendants, Cassa Brickell 402, LLC, Cassa Brickell 501, LLC, Cassa Brickell 505, LLC and Cassa Brickell PH5, LLC, upon information and belief, either individually, jointly and severally or in conjunction with Defednants Solution Group, Paragon Group and TSG Paragon Development LLC, lease, rent, manage or operate specific condominium units using the CASSA mark.

59.     Commencing no earlier than March, 2013, Defendants, Cassa Brickell 402, LLC, Cassa Brickell 501, LLC, Cassa Brickell 505, LLC and Cassa Brickell PH5, LLC, either individually or joint and severally, have been using the CASSA mark to advertise, market, lease, rent, and operate their condominium units at Cassa Brickell.

60.     Commencing no earlier than March, 2013, Defendants, Cassa Brickell 402, LLC, Cassa Brickell 501, LLC, Cassa Brickell 505, LLC and Cassa Brickell PH5, LLC, started using the CASSA mark in advertisement and marketing, including but not limited to: websites, brochures, PowerPoint presentations, fliers, newsletters, social media, magazines, newspapers, online journals, trade shows, e-mail blasts, online videos, real estate brokers' and agents' listings, various rental websites, websites that advertise rentals, and other media outlets.

61.     The design of the "CASSA" mark use by Defendants, Cassa Brickell 402, LLC, Cassa Brickell 501, LLC, Cassa Brickell 505, LLC and Cassa Brickell PH5, LLC, in their advertisement, websites and marketing to promote their rentals at Cassa Brickell is the same design as Plaintiff's "CASSA" mark.

C.    USPTO PROCEEDINGS

62.    Plaintiff filed an application in the United States Patent & Trademark Office (the "USPTO"), Serial No. 85955568, to register the CASSA mark covering the following services: "Lease of real estate; Leasing of real estate; Real estate services, namely, condominium management services; Real estate services, namely, rental of vacation homes, condominiums, cabins, and villas using pay per click advertising on a global computer network," in Class 36; "Real estate development; Real estate development and construction of commercial, residential and hotel property," in Class 37; and, "Hotel accommodation services; Hotel services; Resort hotel services; Restaurant and hotel services," in Class 43. The application was based upon actual use and claimed March 15, 2009 as the date of first use of the mark in commerce.

63.    On April 10, 2013, Solution Group filed an application in the USPTO, Serial No. 85900657, to register the CASSA mark covering the following services: "Real estate development and construction of commercial, residential and hotel property" in Class 37.  That application was based upon intent-to-use.  Later, Solution Group claimed that their first use of the CASSA mark was on March 18, 2013.

64.    All Defendants did not and do not have any proof of any earlier use of the CASSA Mark prior to March 18, 2013.

65.    On June 10, 2013, Plaintiff sent counsel for the Solution Group in the USPTO proceedings, a cease and desist letter, demanding that Solution Group and all affiliates stop using the CASSA mark because of the prior use.

66.    A second cease and desist letter was served on August 12, 2013.

67.    Both cease and desist letters were ignored despite the unquestionable prior use by Plaintiff.

68.     Plaintiff timely filed an opposition to Solution Group's application on April 1, 2014, Opposition No. 91215734 (the "First Opposition").

69.     The basis of the First Opposition was Plaintiff's claim to priority to the CASSA mark.

70.     Plaintiff based its claim to priority on its continuous four years of prior use before the Solution Group's claimed first use.

71.     After discovery closed in the First Opposition, Plaintiff moved for summary judgment before the USPTO.  The basis of Plaintiff's summary judgment motion was the four years of continuous use prior to the Solution Group first claimed use on or about March 18, 2013.

72.     The summary judgment motion was fully briefed and submitted to the Trademark Trial and Appeals Board (the "TTAB") at the USPTO for a decision.

73.     On or about December 16, 2015, the TTAB issued its decision (the "Decision").  Exhibit B.

74.     The TTAB found Plaintiff had more than sufficiently established its prior use over the Solution Group.   More importantly the TTAB found that the Solution Group did "not put forth evidence to raise a genuine dispute of material fact to overcome [Plaintiff's] showing of prior proprietary rights in the mark CASSA for the development, sales and leasing of residential and hotel property."

75.     The Decision held for Plaintiff in its entirety and the First Opposition was sustained against the Solution Group Corp.

76.     The Solution Group did not appeal the Decision within the USPTO or commence an action in Federal Court to reverse the Decision.

77.     On April 5, 2016, the Solution Group's Application was refused, dismissed, denied and abandoned as a result of the Decision in the First Opposition.  As stated in the USPTO file under status: "Abandoned after an inter partes [sic] decision by the Trademark Trial and Appeal Board."

78.     After the Solution Group waived their rights to appeal the Decision in the USPTO or challenge the Decision in Federal court, Plaintiff on March 16, 2016, sent a third cease and desist letter that was again ignored.

79.     On May 18, 2016, Plaintiff requested to divide its application. Plaintiff made such a request because the examining officer approved registration for the CASSA mark for class 36 and 43.  However, the examining officer renewed a refusal for class 37, because the specimen was inadequate.

80.     On June 7, 2016, USPTO granted the request to divide. Plaintiff's parent application would continue for classes 36 and 43 (the "Parent Application"). The Plaintiff's child application would continue for class 37 and the basis was switched to intent-to-use (the "Child Application").

81.     On June 22, 2016, USPTO issued a notice of publication for the Parent Application and the publication was scheduled for July 12, 2016.

82.     On July 7, 2016, USPTO issued a notice of publication for the Child Application and the publication was scheduled for July 26, 2016.

83.     On July 12, 2016, the Parent Application was published in the Official Gazette.

84.     On July 26, 2016, the Child Application was published in the Official Gazette.

85.     On September 20, 2016, USPTO issued a Notice of Allowance for the Child Application.

86.     On October 6, 2016, Plaintiff submitted a specimen for the Child Application that was accepted by the examining attorney on October 13, 2016.  USPTO also noted that the CASSA mark for class 37 was cleared for registration.

87.     The CASSA mark was registered for class 37 on November 15, 2016, with the Reg No.: 5,082,510.  See Exhibit A.

88.     There was no opposition to the Child application.

89.     Defendant, South Florida Equity Group Holdings LLC, filed an opposition proceeding against Plaintiff's Parent Application, on November 9, 2016, Opposition No. 91231107 (the "Second Opposition")

90.     Defendant, South Florida Equity Group Holdings LLC, alleged standing in the Second Opposition as the successor in interest of the Solution Group based on the sale, transfer and assignment of the Solution Group alleged rights in the CASSA mark on March 31, 2016.

91.     The basis of the Second Opposition, as alleged by Defendant, South Florida Equity Group Holdings LLC, is the claim of priority.

92.     On December 16, 2016, Plaintiff served it Answer to the Second Opposition.

93.     Plaintiff in its Answer to the Second Opposition pled the fact that the TTAB already decided the matter of priority.

94.     The doctrine of issue preclusion bars South Florida Equity Group Holdings LLC from opposing the Parent Application in the Second Opposition.

## AS AND FOR A FIRST CLAIM
## AGAINST ALL DEFENDANTS
### (Trademark Infringement 15 U.S.C. § 1114)

95.     Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "94" of the Complaint.

96.     Plaintiff holds a valid and existing federal registration for the trademark CASSA and those derived or otherwise related marks thereto.

97.     Plaintiff has built tremendous goodwill in these marks, which goodwill represents a substantial and valuable business asset.

98.     Defendants have, either individual or jointly and severally, marketed, advertised, developed, operated, managed, rented, leased, and sold, and continues to market, develop, advertise, operate, manage, rent, lease and sell, condominiums, houses, apartments, and other real property using the CASSA mark. These goods and services are advertised or otherwise held out to the world through online, including at least through Defendants' websites, and in print.

99.     Camilo A. Lopez, Jorge Escobar, Raul Sanchez De Varona and John and Jane Does 1 through 20, have aided and assisted The Solution Group Corp, The Solution Group Corp. LLC, South Florida Equity Group Holdings LLC, Paragon Group of South Florida, LLC, Paragon Group Holding LLC, TSG Paragon Development LLC, TSG Paragon Management Corp, Paragon Georgetown, LLC, Paragon Georgetown Phase II, LLC, Cassa Brickell Condominium Association, Inc., Cassa at Brickell, LLC, TSG Paragon Development LLC d/b/a Cassa at Georgetown, Cassa at Georgetown, Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC, Cassa at Georgetown 3511 LLC, Cassa

Brickell 402, LLC, Cassa Brickell 501, LLC, Cassa Brickell 505, LLC and Cassa Brickell PH5, LLC, in the unauthorized exploitation of the CASSA mark on their websites, in their advertisements and marketing, and in other media for their own financial gain.

100.    Defendants' use of the CASSA mark, either individually or jointly and severally, is done without the authorization or consent of Plaintiff and constitutes trademark infringement under 15 U.S.C. § 1114. The CASSA mark used by Defendants, either individually or joint and severally, constitutes a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark and its use by Defendants is likely to cause confusion, or to cause mistake, or to deceive consumers.

101.    Plaintiff has been damaged by Defendants' use of the CASSA mark and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any further use of the CASSA mark and any further marketing, developing, advertising, operating, managing, renting, leasing or sale of products, condominiums, houses, buildings, apartments or other real property bearing the CASSA mark.

102.    Defendants have, either individually or joint and severally, wrongfully profited from their use of the CASSA mark through their marketing, developing, advertising, operating, managing, renting, leasing or sale of products, condominiums, houses, buildings, apartments or other real property bearing the CASSA mark.

103.    Defendants' actions, as alleged herein, constitute willful infringement. Defendants' infringement continues despite their actual knowledge of Plaintiff's trademark rights and, upon information and belief, is being done with the intent to cause confusion, mistake or deception among consumers.

19

104.    Plaintiff is entitled to an injuction against Defendants from the continued use of the CASSA mark and an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.

105.    Because Defendants knowingly and intentionally used counterfeits, copies, reproductions or colorable imitations of Plaintiff's marks, this is an exceptional case within the meaning of 15 U.S.C. § 1117 *et seq.*, including treble damages for counterfeiting Plaintiff's mark.

**AS AND FOR A SECOND CLAIM
AGAINST ALL DEFENDANTS
(False Designation of Origin 15 U.S.C. § 1125(a))**

106.    Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "105" of the Complaint.

107.    Plaintiff has common law trademark rights in the CASSA mark and its derivatives by virtue of its use of these marks in commerce in connection with real estate development, residential development, commercial property development and services, hotel and hotel services, and condominium development and management.

108.    Plaintiff has built tremendous goodwill in its CASSA mark, which goodwill represents a substantial and valuable business asset.

109.    Defendants have, either individual or jointly and severally, marketed, developed, advertised, operated, managed, rented, leased, and sold, and continues to market, develop, advertise, operate, manage, rent, lease and sell, condominiums, houses, apartments, and other real property using the CASSA mark. These goods and services are advertised or otherwise

held out to the world through online, including at least through Defendants' websites, and in print.

110.    Defendants' use of the CASSA mark is done without the authorization or consent of Plaintiff and constitutes false designation of origin, unfair competition, or false advertising under 15 U.S.C. § 1125(a). Consumers have been, and are likely to continue to be, confused, mistaken or deceived as to the origin of Defendants' goods and services, believing that such goods and services are those of Plaintiff, or are otherwise approved or sponsored by Plaintiff. Consumers are also likely to be deceived into believing that there is an affiliation, connection or association between Plaintiff and all Defendants.

111.    Plaintiff has been damaged by Defendants' use of the CASSA mark and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any further use of the CASSA mark and any further marketing, advertising, designation or sale of products bearing the CASSA mark.

112.    Defendants have wrongfully profited from their use of the CASSA mark through its development, sale, leasing, operation, designation and management of products bearing the CASSA mark.

113.    Camilo A. Lopez, Jorge Escobar, Raul Sanchez De Varona and John and Jane Does 1 through 20, have aided and assisted The Solution Group Corp, The Solution Group Corp. LLC, South Florida Equity Group Holdings LLC, Paragon Group of South Florida, LLC, Paragon Group Holding LLC, TSG Paragon Development LLC, TSG Paragon Management Corp, Paragon Georgetown, LLC, Paragon Georgetown Phase II, LLC, Cassa Brickell Condominium Association, Inc., Cassa at Brickell, LLC, TSG Paragon Development LLC d/b/a

Cassa at Georgetown, Cassa at Georgetown, Cassa at Georgetown 3499 LLC, Cassa at Georgetown 3501 LLC, Cassa at Georgetown 3507 LLC, Cassa at Georgetown 3511 LLC, Cassa Brickell 402, LLC, Cassa Brickell 501, LLC, Cassa Brickell 505, LLC and Cassa Brickell PH5, LLC, in the unauthorized exploitation of the CASSA mark on their websites, in their advertisements and marketing, and in other media for their own financial gain.

114.   Defendants actions, as alleged herein, constitute willful infringement. Defendants' infringements have continued despite their actual knowledge of Plaintiff's trademark rights and, upon information and belief, has been done with the intent to cause confusion, mistake or deception.

115.   Plaintiff is entitled to an injuction against Defendants from the continued use of the CASSA mark and an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.

116.   Defendants' actions, as alleged herein, render this case an exceptional case within meaning of 15 U.S.C. § 1117 *et seq.*, including treble damages for counterfeiting Plaintiff's mark.


### AS AND FOR A THIRD CLAIM
### AGAINST ALL DEFENDANTS
### (Dilution Pursuant to NY Law)

117.   Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "116" of the Complaint.

118.   Plaintiff is the sole holder and owner of the rights to the CASSA mark and those derived or otherwise related marks thereto.

119.    The CASSA mark has become the means by which Plaintiff and its services are identified by the public and distinguish it from other businesses and services, and the CASSA Mark has come to symbolize a valuable good will for which Plaintiff enjoys.

120.    The CASSA mark has acquired in connection with real estate development and construction of commercial, residential and hotel property as well as leasing of real estate, real estate services, including condominium management services, rental of condominiums, hotel and hotel services, and development of residential properties, a secondary meaning and is associated in the public mind with and connotes Plaintiff.

121.    The CASSA mark has a truly distinctive quality.

122.    The CASSA mark has acquired secondary meaning.

123.    Defendants' unauthorized use of the CASSA mark creates and has been creating an association, in the mind of the consumer, with Defendants and not Plaintiff causing a lessening of the distinctiveness of Plaintiff's CASSA mark.

124.    Defendants' unauthorized use of the CASSA mark creates and is causing a likelihood of dilution.

125.    As a result of the foregoing dilution, Plaintiff has been damaged and suffers great damage not fully measurable in money terms and will continue to suffer irreparable damage, and Defendants made and will continue to make sales and profits that equitable belong to Plaintiff.    Plaintiff is entitled to an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.


**AS AND FOR A FOURTH CLAIM**
**AGAINST ALL DEFENDANTS**

**(Unjust Enrichment)**

126.    Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "125" of the Complaint.

127.    Through Defendants' wrongful acts, either individually or joint and severally, Defendants received and used Plaintiff's property, i.e. the CASSA mark, to which Defendants were not entitled to use.

128.    Defendants used the CASSA mark that rightfully belonged to Plaintiff.

129.    If Plaintiff does not recover Defendants' profits or compensation for the use which Defendants have not paid, then Defendants will be unjustly enriched.

130.    A benefit was bestowed upon Defendants who obtained such benefit without adequately compensating Plaintiff.

131.    Circumstances are such that equity and good conscience requires that Defendants make payment to Plaintiff.

132.    By reason of the foregoing, Plaintiff has been damaged and suffers great damage not fully measurable in money terms and will continue to suffer irreparable damage, and Defendants made and will continue to make sales and profits that equitable belong to Plaintiff. Plaintiff is entitled to an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's CASSA mark in an amount to be determined at trial, including interest, costs, and attorney fees.

**AS AND FOR A FIFTH CLAIM**
**AGAINST ALL DEFENDANTS**
**(Consumer Fraud pursuant to GBL §349, *et seq.*)**

133.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "132" with the same force and effect as if they were set forth at length herein.

134.    Defendants' use of the CASSA mark without permission and passing them off as their own, perpetrates a fraud on consumers.

135.    As a result of Defendants' actions, Defendants are in violation of New York State General Business Law §349, *et seq.*

136.    By reason of the foregoing, Plaintiff suffered great damage and is entitled to all remedies of New York State's consumer fraud statutes, GBL §349, *et seq.*, costs, interest, and attorney fees.


**AS AND FOR A SIXTH CLAIM**
**AGAINST SOUTH FLORIDA EQUITY GROUP HOLDINGS LLC**
**(Frivolousness pursuant to FRCP §11, *et seq.*)**

137.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "136" with the same force and effect as if they were s set forth at length herein.

138.    Upon information and belief, Defendant, South Florida Equity Group Holdings LLC, is the successor in interest to Solution Group.

139.    Defendant, South Florida Equity Group Holdings LLC, as successor in interest to Solution Group is bound by the Decision and Solution Group's waiver of appeal of the Decision and its abandonment of its application.

140.     Counsel for Defendant, South Florida Equity Group Holdings LLC, in the Second Opposition was the same counsel for Solution Group in the First Opposition and Solution Group's application.

141.     Defendant, South Florida Equity Group Holdings LLC, knew or should have known of the Decision against Solution Group and Solution Group's waiver of appeal of the Decision.

142.     Defendant, South Florida Equity Group Holdings LLC, brought the Second Opposition for the primary purpose of harassing Plaintiff, unduly delaying Plaintiff's prosecution of the "CASSA" mark and to needlessly increase Plaintiff's costs of prosecution the Parent Application before the USPTO.

143.     Defendant, South Florida Equity Group Holdings LLC, claims and legal contentions in the Second Opposition have no basis in existing law.

144.     Defendant, South Florida Equity Group Holdings LLC, factual contentions in the Second Opposition have conclusively no evidentiary support, even after a reasonable opportunity of discovery, which occurred in the First Opposition.

145.     The Second Opposition brought by Defendant, South Florida Equity Group Holdings LLC, is devoid of merit and frivolous, as defined by FRCP §11.

146.     Plaintiff has incurred, and will likely continue to incur, substantial legal fees in defending the Second Opposition commenced by Defendant, South Florida Equity Group Holdings LLC.

147.     Accordingly, Plaintiff is entitled to sanctions against Defendant, South Florida Equity Group Holdings LLC, in the form of a sum equal to Plaintiff's legal fees, costs

and disbursements incurred in defending the Second Opposition and the associated increase costs

and legal fees for the delay in prosecuting the Parent Application.

**WHEREFORE,** Plaintiff demands judgment against all Defendants as follows:

A.    For a judgment in favor of Plaintiff and against all Defendants as to the FIRST through FIFTH Claim;

B.    For a judgment against  Defendant, South Florida Equity Group Holdings LLC,  as to the SIXTH Claim including all remedies permitted pursuant to FRCP §11(b) including but not limited to interest, costs and attorney fees;

C.    For a preliminary and permanent injunction restraining and enjoining Defendants, and their agents, servants, employees, distributors, and all others in active concert or participation with Defendants, from using the CASSA mark, including, but not limited to, use of the mark on any residential, condominium, commercial or hotel properties, or in connection with the development, sale, leasing, management, and operation of residential, condominium, commercial or hotel properties, on Defendants' or their affiliates websites, social media, or in any advertisement, marketing, or promotion of Defendants' companies or their residential, condominium, commercial, hotel properties or any other real estate project;

D.    For an order, pursuant to 15 U.S.C. §1118, directing that Defendants deliver for destruction all labels, signs, prints, brochures, receptacles, and advertisements or other materials in their possession or under their control, bearing the CASSA mark;

E.    For an award of damages suffered by Plaintiff, plus any profits earned by Defendants as a result of their sales, leasing, managing, operating or renting of their properties bearing the infringing mark, in an amount to be proven at trial;

F.    For an award of augmented or trebled damages or profits pursuant to 15 U. S. C. §1117;

G.    For an award of attorneys' fees and litigation expenses and costs to the maximum extent allowed by law; and

H.    Awarding Plaintiff such other and further relief that this Court deems just and proper.

27

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

Dated: New York, New York
          January 9, 2017

                                                    Yours, etc.,
                                                    RICHARD J. MIGLIACCIO, ESQ.

                                                    _/s/ Richard Migliaccio_____
                                                    By: Richard Migliaccio, Esq.
                                                    *Attorney for Plaintiff*
                                                    410 Park Avenue, Ste. 1630
                                                    New York, NY 10022
                                                    (212) 239-9900 ext. 40

TO:

THE SOLUTION GROUP CORP
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

THE SOLUTION GROUP CORP. LLC
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

SOUTH FLORIDA EQUITY GROUP HOLDINGS LLC
1825 Ponce De Leon Blvd, Suite 151
Coral Gables, FL 33134

PARAGON GROUP OF SOUTH FLORIDA, LLC,
999 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134

PARAGON GROUP HOLDINGS LLC
999 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134

TSG PARAGON DEVELOPMENT LLC
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

TSG PARAGON MANAGEMENT CORP.
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

PARAGON GEORGETOWN, LLC
999 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134

PARAGON GEORGETOWN PHASE II, LLC
999 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134

CASSA BRICKELL CONDOMINIUM ASSOCIATION, INC.
999 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134

CASSA AT BRICKELL, LLC
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

TSG PARAGON DEVELOPMENT LLC d/b/a CASSA AT GEORGETOWN
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

CASSA AT GEORGETOWN
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

CASSA AT GEORGETOWN 3499 LLC
15824 NW 16th Street
Pembroke Pines, FL 33028

CASSA AT GEORGETOWN 3501 LLC
15824 NW 16th Street
Pembroke Pines, FL 33028

CASSA AT GEORGETOWN 3507 LLC
15824 NW 16th Street
Pembroke Pines, FL 33028

CASSA AT GEORGETOWN 3511 LLC
15824 NW 16th Street
Pembroke Pines, FL 33028

CASSA BRICKELL 402, LLC
2300 West 84th Street, Ste. 302
Hialeah, FL 33016

CASSA BRICKELL 501, LLC
175 SW 7th Street, 2011
Miami, FL 33130

CASSA BRICKELL 505, LLC
304 Indian Trace, #297
Weston, FL 33326

CASSABRICKELL PH5, LLC
2799 NW Boca Raton Blvd., Ste. 203
Boca Raton, FL 33431

CAMILO A. LOPEZ
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

JORGE ESCOBAR
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127

RAUL SANCHEZ DE VARONA
4100 N. Miami Avenue, 2nd Floor
Miami, FL 33127