USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 22, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
ASSA REALTY LLC,                                                   :
                                                                   :
                          Plaintiff,                               :
                                                                   :
         -v-                                                       :    17-cv-0177 (KBF)
                                                                   :
THE SOLUTION GROUP CORP. et al.,                                   :    MEMORANDUM
                                                                   :    DECISION & ORDER
                          Defendants.                              :
                                                                   :
------------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

Plaintiff Assa Realty, LLC ("Assa")—a New York limited liability company—filed its complaint in this action against 24 defendants alleging that they infringed plaintiff's trademark through their use of plaintiff's "CASSA" mark[1] in connection with real estate and condominium development projects in <u>Florida</u>. (See Compl. ¶¶ 1-61., ECF No. 1 (emphasis added).) Specifically, Assa asserts claims against defendants for trademark infringement, false designation of origin, dilution, unjust enrichment, and consumer fraud relating to defendants alleges use of plaintiff's CASSA mark. (Id. ¶¶ 95-147.)

In its complaint, plaintiff also alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omission giving rise to the claims occurred in this judicial district." (Id. ¶ 29.) Upon receiving

---

[1] "In 2007, Plaintiff created and designed the mark CASSA as a fanciful combination of the Spanish and Italian word 'casa' meaning 'house' and the name of Plaintiff's two members, Isaac Assa and Salim Assa, to brand their various hotel and residential projects . . . ." (Compl. ¶ 30, ECF No. 1.)

plaintiff's complaint, the Court issued an order directing plaintiff to show cause why venue is proper in the Southern District of New York. (ECF No. 53.)

On January 27, 2017, plaintiff submitted a letter responding to the Court's Order. (ECF No. 54.) Thereafter, defendants filed motions to dismiss for lack of personal jurisdiction and for improper venue[2] and the Court allowed the parties to engage in 30 days of jurisdictional discovery. (ECF Nos. 63, 67, 84, 88.) Following the limited period provided for jurisdictional discovery, plaintiff filed its opposition to defendants' motions to dismiss (ECF No. 91) and defendants filed their replies in further support of the motions (ECF Nos. 94, 96, 97.)

For the reasons discussed below, defendants' motions are GRANTED and plaintiff's complaint is dismissed for improper venue.

I.  LEGAL PRINCIPLES

  A.  Federal Rule of Civil Procedure 12(b)(3)

On a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court applies the same standard of review as it does to a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). While the plaintiff bears the burden of establishing that venue is proper, "[i]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]." Id. (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)) (alteration in original). "The decision whether to dismiss an action for

---

[2] In the alternative, defendants requested that the Court transfer this action to the Southern District of Florida.

improper venue is committed to the Court's sound discretion. Blauschild v. Tudor, 31 F. Supp. 3d 527, 530 (E.D.N.Y. 2014); see Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993)). In determining whether venue is proper, the court "must view all facts in the light most favorable to the plaintiff." Cold Spring Harbor Lab., 762 F. Supp. 2d at 551 (citing Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007)). Accordingly, the "court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Dolson v. New York State Thruway Authority, Fisher v. Hopkins, No. 02-CV-7077, 2003 WL 102845, at *2 (S.D.N.Y. Jan. 9, 2003).

B.    28 U.S.C. § 1391

Under 28 U.S.C. § 1391, venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). District courts are "required to construe the venue statute strictly." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005). As relevant to this case, "[t]he Lanham Act does not have a specific venue provision. Thus, the provisions in 28 U.S.C. § 1391 govern the venue determination." Lewis v. Madej, No. 15-CV-2676, 2015 WL 6442255, at *9 (S.D.N.Y. Oct. 23, 2015).

3

II. DISCUSSION

Plaintiff has not plead facts sufficient to demonstrate that venue is proper is proper in this District. Rather, accepting all of the facts plead in the complaint as true, it is clear that venue is improper in this District.[3]

As noted above, plaintiff alleges in its complaint that "[v]enue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omission giving rise to the claims occurred in this judicial district." (Id. ¶ 29.) However, in opposition to defendants' motions to dismiss, plaintiff essentially abandons this argument. Plaintiff does not argue in its opposition—and it appears, for good reason—that a substantial part of the events giving rise to plaintiff's claims occurred in the Southern District of New York.

Accepting all of the allegations in plaintiff's complaint as true, almost all (if not all) of the events allegedly giving rise to plaintiff's claims occurred in Florida. Plaintiff does not allege that the purported trademark infringement occurred in this District, nor has plaintiff proffered any facts which would support that infringement occurred in this District.[4] Accordingly, venue is not proper under the second prong of the venue provision, 28 U.S.C. § 1391(b)(2).

---

[3] "Although it is common to resolve challenges to personal jurisdiction before addressing motions to transfer venue, it is not required that courts do so." Everlast World's Boxing Headquarters Corp. v. Ringside, Inc., 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (internal citations omitted). Here, the Court finds that it is appropriate and sensible to resolve defendants' motions and dismiss plaintiff's complaint on the basis that venue is improper. See id.

[4] In its letter to the Court, which predated plaintiff's opposition to defendants motions to dismiss, plaintiff asserted that "although defendants may appear to be limiting their business and actions to Florida, it is clear that they are using the internet with the infringing mark in commerce to reach clients throughout the United States, including New York, and internationally to come to Florida to purchase or lease their properties." (ECF No. 54 at 1.) According to plaintiff, "such use of the

Changing course, plaintiff argues in its opposition to defendants' motions to dismiss that venue is proper in this District under 28 U.S.C. § 1391(b)(3) because at least one defendant is subject to the personal jurisdiction of this Court. (See Plaintiff's Opposition to All Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and for Improper Venue, or in the Alternative, to Transfer This Action to the Southern District of Florida ("Mem. in Opp."), ECF No. 91, at 6-9.)

The Court notes that plaintiff begins its argument with an incorrect and incomplete statement of the law. Plaintiff asserts that: "Pursuant to 28 U.S.C. § 1391(c)(2), venue is proper if any defendant is subject to personal jurisdiction of the court and therefore is deemed a resident of the district where the court is located." (Mem. in Opp. at 1; see id. ("To establish venue, a plaintiff needs to show that a defendant is subject to the personal jurisdiction of the court.").) The provision plaintiff cites, 28 U.S.C. § 1391(c), defines residency for venue purposes—it does not establish where venue is proper. And the provision that does govern where venue is proper, 28 U.S.C. § 1391(b), contains an important qualification that plaintiff omits. The third prong of that provision (which plaintiff alludes to) provides that "<u>if there is no district in which an action may otherwise be brought</u>,"

---

internet is sufficient to establish ties to New York to establish venue in this District." (ECF No. 54 at 1 (citing <u>Lewis v. Madej</u>, No. 15-CV-2676, 2015 WL 6442255 (S.D.N.Y. Oct. 23, 2015).) In <u>Lewis</u>, however, the Court found that venue was proper under 28 U.S.C. § 1391(b)(1). As the Court discusses below, this is not the case here. Furthermore, in its complaint—and having subsequently engaged in jurisdictional discovery—plaintiff has not put forth any factual allegations that defendants conduct (let alone a substantial portion of it) occurred in this District. Plaintiff's conclusory legal assertion alone is insufficient.

5

then venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

In other words, this prong of the venue provision does assist plaintiff in this case because there is another district where this action may be brought, as the allegations in plaintiff's complaint make clear: the Southern District of Florida. Plaintiff neglects entirely to address this obstacle to establishing venue in the Southern District of New York.[5] Accordingly, venue is not proper under the third prong of the venue provision, 28 U.S.C. § 1391(b)(3).

Lastly, the Court notes that venue is not proper in this District under the first prong of the venue provision, 28 U.S.C. § 1391(b)(1), which provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." In this case, not all of the defendants are residents of New York.[6] For example, three of the defendants are natural persons and are residents of Florida. (See Compl. ¶¶ 23-25; The TSG Parties' Motion to Dismiss for Lack of Personal Jurisdiction and For Improper Venue, or in the Alternative, to Transfer This Action to the Southern District of Florida, ECF No. 63, at 14.)

---

[5] Plaintiff devotes the bulk of his submission to arguing that there is jurisdiction over at least one defendant in this District. As the Court notes, this alone does not establish that venue is proper in this District. And in all events, the Court expresses doubt that plaintiff's allegations are sufficient to establish jurisdiction over any of the defendants, and do not do so with regards to the majority of the defendants.

[6] In fact, most (if not all) defendants appear to be residents of Florida.

III.  CONCLUSION

For the reasons discussed below, defendants' motions to dismiss are GRANTED and plaintiff's complaint is dismissed for improper venue.

The Clerk of Court is directed to terminate the motions at ECF Nos. 63, 84 and to terminate this action.

SO ORDERED.

Dated: New York, New York
May 22, 2017

_____
KATHERINE B. FORREST
United States District Judge